**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MXGO TECHNOLOGIES, INC., <br><br> Plaintiff, <br> v. <br><br> YAHOO! INC. and AT&T INC., <br><br> Defendants. | NO._____ <br><br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which MXGO TECHNOLOGIES, INC. ("MXGO"), by and through its undersigned counsel, submits this Complaint against YAHOO! INC. ("YAHOO") and AT&T INC. ("AT&T") (collectively "Defendants"), as follows:

**THE PARTIES**

1. Plaintiff MXGO has a place of business 3633 Vireo Ave., Santa Clara, California 95051.

2. On information and belief, Defendant YAHOO has a place of business at 701 First Avenue, Sunnyvale, California 94089.

3. On information and belief, Defendant AT&T is a corporation established under the laws of the State of Delaware, with its principal place of business at 208 South Akard Street, Dallas, Texas 75202.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal

jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), including because Defendants have purposefully availed themselves of the privileges of conducting business in this District; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in this District. Defendants have committed patent infringement in this District, and/or have induced others to commit and/or have contributed to patent infringement in this District.  Defendants solicit customers in the State of Texas and in this District.  Defendants have paying customers who are residents of the State of Texas and this District and who use the Defendants' products and services in the State of Texas and in this District.  Further, without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this District, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants haves interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or

soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,546,351

6. United States Patent No. 7,546,351 (the "'351 Patent"), entitled "Methods and Systems for Filtering, Sorting, and Dispatching Messages to Wired and Wireless Devices," duly and legally issued on June 9, 2009 after a full and fair examination.

7. MXGO is the assignee of the '351 Patent and has standing to bring this lawsuit for infringement of the '351 Patent, including the right to recover past damages.

8. The claims of the '351 Patent cover, *inter alia,* a communication server for conveying messages for a plurality of users comprising: user-specific message filter variables, a user with at least a first and second email address, applying those message filter variables to a message sent to the first or second email address, and through a mail interface, presenting a reply button to said received message, that when used, prepares a reply message identifying the sender of said reply as the email address of the user to which the message was directed.

9. On information and belief, YAHOO has infringed the '351 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of providing user-specific message filter variables, a user with at least a first and second email address, applying those message filter variables to a message sent to the first or second email address, and through a mail interface, presenting a reply button to said received message, that when used, prepares a reply message identifying the sender of said reply as the email address of the user to which the message was directed and which are covered by one or more claims of the '351 Patent.

On information and belief, such apparatuses and/or systems comprise at least YAHOO's MAIL PLUS system.

10. On information and belief, AT&T has infringed the '351 Patent in violation of 35 U.S.C. § 271 through actions comprising the using, selling and/or offering for sale in the United States of apparatuses and/or systems that provide e-mail services capable of providing user-specific message filter variables, a user with at least a first and second email address, applying those message filter variables to a message sent to the first or second email address, and through a mail interface, presenting a reply button to said received message, that when used, prepares a reply message identifying the sender of said reply as the email address of the user to which the message was directed and which are covered by one or more claims of the '351 Patent. On information and belief, such apparatuses and/or systems comprise at least YAHOO's MAIL PLUS system.

11. Moreover, on information and belief, AT&T has and now is indirectly infringing by way of intentionally inducing infringement of the '351 Patent in this judicial district, and elsewhere in the United States, including by aiding and abetting YAHOO and/or AT&T's customers in using the YAHOO MAIL PLUS system available to AT&T's customers, including by providing such users with an "att.net" account. Upon information and belief, such induced infringement, including with AT&T has knowledge that the induced acts constitute patent infringement, has occurred at least since AT&T became aware of the '351 Patent, at least through becoming aware of this Complaint.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 6,779,022**

12. United States Patent No. 6,779,022 (the "'022 Patent"), entitled "Server that Obtains Information from Multiple Sources, Filters Using Client Identities, and Dispatches to Both

Hardwired and Wireless Clients," duly and legally issued on August 17, 2004 after a full and fair examination.

13. MXGO is the assignee of the '022 Patent and has standing to bring this lawsuit for infringement of the '022 Patent, including the right to recover for past damages.

14. The claims of the '022 Patent cover, *inter alia,* a server network polling multiple information sources having multiple user addresses, receiving messages from senders from those information sources, and presenting said messages with response options, and, in response to the user selecting a response option, generating a message addressed to the sender of the message and including as the sender, the appropriate user address from which the received message was polled.

15. On information and belief, YAHOO has infringed the '022 Patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of e-mail services capable of polling multiple information sources having multiple user addresses, receiving messages from senders from those information sources, and presenting said messages with response options, and, in response to the user selecting a response option, generating a message addressed to the sender of the message and including as the sender, the appropriate user address from which the received message was polled and which are covered by one or more claims of the '022 Patent. On information and belief, such apparatuses and/or systems comprise at least YAHOO's MAIL PLUS system.

16. On information and belief, AT&T directs and controls YAHOO, including pursuant to certain contractual obligations, in providing its YAHOO MAIL PLUS SYSTEM at least via "att.net" accounts to at least AT&T's customers. As a result, AT&T has infringed the '022 Patent in violation of 35 U.S.C. § 271 through such actions.

17. Moreover, on information and belief, AT&T has and now is indirectly infringing by way of intentionally inducing infringement of the '022 Patent in this judicial district, and elsewhere in the United States, including by aiding and abetting YAHOO and/or AT&T's customers in practicing the methods of its YAHOO MAIL PLUS system available to AT&T's customers, including by providing such users with an "att.net" account. Upon information and belief, such induced infringement, including with AT&T has knowledge that the induced acts constitute patent infringement, has occurred at least since AT&T became aware of the '022 Patent, at least through becoming aware of this Complaint.

18. To the extent that facts learned during the pendency of this case show that Defendants' infringement is or has been willful, MXGO reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

19. Each of Defendants' aforesaid activities have been without authority and/or license from MXGO.

20. As a result of Defendants' infringing conduct, Defendants have damaged MXGO. Defendants are liable to MXGO in an amount that adequately compensates MXGO for their infringement, which, by law, can be no less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, MXGO respectfully requests that this Court enter:

1. A judgment in favor of MXGO that Defendants have infringed the '351 and '022 Patents;

2. A permanent injunction enjoining the Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '351, and '022 Patents;

3. A judgment and order requiring Defendants to pay MXGO its damages, costs, expenses, fees and prejudgment and post-judgment interest for Defendants' infringement of the '351, and '022 Patents as provided under 35 U.S.C. §§ 284 and/or 285; and

4. Any and all other relief to which MXGO may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MXGO requests a trial by jury of any issues so triable by right.

December 3, 2013

Respectfully submitted,

/s/   *Stephen F. Schlather*
Stephen F. Schlather – Lead Counsel
Texas Bar No. 24007993
John J. Edmonds
Texas Bar No. 789758
COLLINS, EDMONDS, POGORZELSKI,
SCHLATHER & TOWER PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
sschlather@cepiplaw.com
jedmonds@cepiplaw.com

ATTORNEYS FOR PLAINTIFFS
MXGO TECHNOLOGIES, INC.